UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ADAM REYNOLDS,
an individual,

    Plaintiff,

CASE NO:

vs.

SIMON TIRE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Adam Reynolds ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Simon Tire Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Southern District of Iowa pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Southern District of Iowa.

3. Plaintiff, Adam Reynolds (hereinafter referred to as "Reynolds") is a resident of Des Moines, Iowa and is a qualified individual with a disability under the ADA. Reynolds suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from cerebral

1

palsy and requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Reynolds visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Reynolds continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Simon Tire Company, is a corporation registered to do business and, in fact, conducting business in the State of Iowa. Upon information and belief, Simon Tire Company (hereinafter referred to as "Simon Tire") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: A Taste of Thai located at 215 E Walnut Street in Des Moines, Iowa (hereinafter referred to as "Restaurant").

5. All events giving rise to this lawsuit occurred in the Southern District of Iowa.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by Simon Tire is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant, Simon Tire, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Restaurant owned by Simon Tire. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Reynolds has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Simon Tire is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. A level landing is not provided at the entrance to the Restaurant;

    ii. The first door of the doors in a series to enter the Restaurant is too heavy for a wheelchair user;

    iii. Sufficient maneuvering clearance is not provided between the doors in a series for a wheelchair user;

    iv.    The ramp provided along the path of travel from the main dining area to the toilet rooms lacks edge protection;

    v.    A rear grab bar is not provided at the accessible water closet in the toilet rooms;

    vi.    The accessible water closet is too far from the side wall;

    vii.    Sufficient knee and toe clearance for a wheelchair user is not provided at the lavatories due to the presence of cabinetry;

    viii.    The lavatory in the toilet rooms requires tight grasping, pinching and twisting of the wrist to operate;

    ix.    The mirror and paper towel dispenser in the toilet rooms are too high for a wheelchair user;

    x.    The trash receptacle is foot operated and unusable by a wheelchair user;

    xi.    The locking mechanism in the toilet rooms requires tight grasping, pinching and twisting of the wrist to operate.

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Simon Tire that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Simon Tire was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Simon Tire has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Simon Tire pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Simon Tire Company, and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 15 day of July 2013.

Respectfully submitted,

John Haraldson
Iowa Bar No.: AT0006323
Sellers Haraldson & Binford
400 Locust, Suite 170

5

Des Moines, Iowa 50309
Telephone: (515) 224-6686
Facsimile: (515) 224-6760
Email: haraldson@yahoo.com


Edward I. Zwilling
Alabama State Bar No. ASB-1564-L54E
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com
*Proposed Pro Hac Vice Lead Counsel*